**LAW OFFICE OF WILLIAM COUDERT RAND**
**501 Fifth Avenue, 15th Floor**
**New York, New York 10017**
**Phone (212) 286-1425; Fax: (646) 688-3078**
**Email: wcrand@wcrand.com**

LETTER SEEKING APPROVAL OF SETTLEMENT

# EXHIBIT A

# SETTLEMENT AGREEMENT

Submitted,

William C. Rand
Law Office of William Coudert Rand
501 Fifth Ave., 15th Floor
New York, N.Y. 10017

## SETTLEMENT AND RELEASE AGREEMENT

**WHEREAS**, on or about April 12, 2021, Micheline Cantave, Marcella Clovis, and Ann Marie Brown (collectively "Plaintiffs") commenced an action against All Metro Home Care Services of New York, Inc., All Metro Home Care Services, Inc., All Metro Field Service Workers Payroll Services Corporation, All Metro Payroll Services Corporation, All Metro Management and Payroll Services Corporation, All Metro Aides Inc., and David P. Middleton  (collectively "Defendants") in the United States District Court for the Southern District of New York (the "Court"), bearing Docket No. 21-cv-03111 (the "Action"), alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and New York Wage Parity Act ("NYWPA");

**WHEREAS**, Defendants timely filed their Answer on July 30, 2021 denying Plaintiffs' allegations, and have contended that Plaintiffs' allegations are unfounded and lack merit;

**WHEREAS**, on October 15, 2021 Plaintiffs and Defendants (collectively the "Parties") participated in a mediation with Magistrate Judge Sarah L. Cave, and were able to negotiate a resolution of this matter;

**WHEREAS**, Plaintiffs' counsel of record in the Action and Defendants' counsel of record in the Action have negotiated extensively in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses and the *bona fide* dispute between the Parties;

**WHEREAS**, the Parties desire to fully and finally resolve and settle in full all wage and hour claims that Plaintiffs have, had, or may have against Defendants, by way of this Settlement and Release Agreement ("Agreement");

1

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.       In consideration of the payment to Plaintiffs by Defendants of Forty Thousand Dollars ($40,000) (the "Settlement Amount"), representing payment for all of Plaintiffs' alleged damages in connection with the Action, as well as Plaintiffs' counsel's costs and fees, an amount to which Defendants allege Plaintiffs are not otherwise entitled, Plaintiffs hereby release and forever discharge All Metro Home Care Services of New York, Inc., All Metro Home Care Services, Inc., All Metro Field Service Workers Payroll Services Corporation, All Metro Payroll Services Corporation, All Metro Management and Payroll Services Corporation, All Metro Aides Inc., and David P. Middleton, as well as, as applicable, Defendants' current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiffs to be an "employer" (including, but not limited to, David P. Middleton) both individually and in their official capacities, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies (all of said individuals and entities, together with All Metro Home Care Services of New York, Inc., All Metro Home Care Services, Inc., All Metro Field Service Workers Payroll Services Corporation, All Metro Payroll Services Corporation, All Metro Management and Payroll Services Corporation, All Metro Aides Inc., and David P. Middleton, hereinafter collectively referred to, jointly and severally, as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern allegations of unpaid

2

compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, wage notice/statement violations, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiffs under the FLSA, NYLL, NYWPA, or any other law, regulation, or ordinance regulating the payment of wages, related to Plaintiffs' employment by Defendants which Plaintiffs, her heirs, executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.

2.        Within five (5) business days after the date counsel for Defendants receives this Agreement, executed and signed by Plaintiffs, and the Stipulation of Dismissal in the form attached hereto as "Exhibit A" (the "Stipulation"), executed by Plaintiffs' counsel of record, Defendants' counsel of record in the Action will provide the fully-executed Agreement to Plaintiffs' counsel, after which Plaintiffs' counsel will file the Agreement, a motion in support of same, and the Stipulation to the docket of the Action for the Court's approval.

3.        Provided that: (i) the Agreement is fully-executed by Plaintiffs and is signed by Plaintiffs; (ii) the Stipulation is executed by Plaintiffs' counsel of record; (iii) the executed and notarized Agreement and the executed Stipulation is provided to Defendants; and (iv) the Agreement is approved by the Court, the Settlement Amount shall be paid as follows:

(a)        Within thirty (30) days after the Court approves the Agreement, Defendants shall cause seven (7) checks in the total gross amount of Forty Thousand Dollars ($40,000) to be delivered to William C. Rand, Esq., Law Office of William Coudert Rand, 501 Fifth Ave., 15th Floor, New York, New York 10017, as follows:

i.        One (1) check in the gross amount of  One Thousand Nine Hundred Seventy-Nine Dollars and Ninety-One Cents Dollars ($1,979.91), less

3

payroll taxes, withholdings and other deductions as required by law, made payable to "Micheline Cantave." At the appropriate time, Defendants will issue, or cause to be issued, an IRS form W-2 to Ms. Cantave respecting the payment to be made pursuant to this paragraph. Ms. Cantave agrees to execute any and all documents required by Defendants to effectuate this payment including, but not limited to, an IRS Form W-4 to effectuate the withholding of taxes described herein.

ii.   One (1) check in the amount of One Thousand Nine Hundred Seventy-Nine Dollars and Ninety Cents ($1,979.90), made payable to "Micheline Cantave." The Parties agree that such payment is being made in settlement of Ms. Cantave's claims for liquidated damages and statutory penalties in the Action, and that it does not constitute back pay, front pay, wages or salary and, accordingly, shall not be subject to any payroll taxes or deductions, income withholding taxes, social security taxes or other taxes which customarily are deducted from and/or paid with respect to wages. At the appropriate time, Defendants will issue, or cause to be issued, an IRS Form 1099 to Ms. Cantave respecting this payment;

iii.  One (1) check in the gross amount of Five Thousand Six Hundred Nine Dollars and Seventy-Two Cents ($5,609.72), less payroll taxes, withholdings and other deductions as required by law, made payable to "Marcella Clovis." At the appropriate time, Defendants will issue, or cause to be issued, an IRS form W-2 to Ms. Clovis respecting the

payment to be made pursuant to this paragraph.  Ms. Clovis agrees to execute any and all documents required by Defendants to effectuate this payment including, but not limited to, an IRS Form W-4 to effectuate the withholding of taxes described herein.

iv.   One (1) check in the amount of Five Thousand Six Hundred Nine Dollars and Seventy-One Cents ($5,609.71), made payable to "Marcella Clovis."   The Parties agree that such payment is being made in settlement of Ms. Clovis' claims for liquidated damages and statutory penalties in the Action, and that it does not constitute back pay, front pay, wages or salary and, accordingly, shall not be subject to any payroll taxes or deductions, income withholding taxes, social security taxes or other taxes which customarily are deducted from and/or paid with respect to wages.  At the appropriate time, Defendants will issue, or cause to be issued, an IRS Form 1099 to Ms. Clovis respecting this payment;

v.    One (1) check in the gross amount of Five Thousand Six Hundred Nine Dollars and Seventy-Two Cents Dollars ($5,609.72), less payroll taxes, withholdings and other deductions as required by law, made payable to "Ann Marie Brown."  At the appropriate time, Defendants will issue, or cause to be issued, an IRS form W-2 to Ms. Brown respecting the payment to be made pursuant to this paragraph.  Ms. Brown agrees to execute any and all documents required by Defendants to effectuate this

4869-5594-3937.1

payment including, but not limited to, an IRS Form W-4 to effectuate the withholding of taxes described herein.

vi.    One (1) check in the amount of Five Thousand Six Hundred Nine Dollars and Seventy-One Cents Dollars ($5,609.71), made payable to "Ann Marie Brown."  The Parties agree that such payment is being made in settlement of Ms. Brown's claims for liquidated damages and statutory penalties in the Action, and that it does not constitute back pay, front pay, wages or salary and, accordingly, shall not be subject to any payroll taxes or deductions, income withholding taxes, social security taxes or other taxes which customarily are deducted from and/or paid with respect to wages.  At the appropriate time, Defendants will issue, or cause to be issued, an IRS Form 1099 to Ms. Brown respecting this payment;

vii.    One (1) check in the amount of Thirteen Thousand Six Hundred One Dollars and Thirty-Three Cents ($13,601.33), made payable to "Law Office of William Coudert Rand as attorney for Micheline Cantave, Marcella Clovis, and Ann Marie Brown."  The Parties agree that such payment is being made in settlement of Plaintiffs' claim for attorneys' fees and costs and that it does not constitute back pay, front pay or salary and, accordingly, shall not be subject to any payroll taxes or deductions, income withholding taxes, social security taxes, or other taxes which customarily are deducted from and/or paid with respect to wages. Defendants will issue, or cause to be issued, to the Law Office of

6

William Coudert Rand and each Plaintiff an IRS Form 1099 respecting this payment.

(b)      Defendants' attorney will hold the signed Stipulation attached hereto in escrow and shall file it with the court promptly after the settlement payments have been made.

(c)      The payments to be made pursuant to this Paragraph 3 are in full and complete settlement of any and all of Plaintiffs' claims for actual damages, compensatory damages, wages, back pay, front pay, employment benefits, liquidated damages, punitive damages, interest, attorneys' fees and costs.  These payments exceed any amount Plaintiffs are, were or may have been entitled to receive from Defendants in the normal course of their employment, and Plaintiffs acknowledge and agree that they have received all wages and compensation owed to them by Defendants. Except for the payments provided in this Paragraph 3, Defendants shall have no other monetary obligation to Plaintiffs arising from, or in any way relating to, their employment with Defendants or any of the Releasees (as defined in Paragraph 1, above).

(d)      Defendants make no representation, nor do they provide any guarantee or assurance, that the amounts paid pursuant to Paragraphs 3(a)(ii), 3(a)(iv), 3(a)(vi), and 3(a)(vii) are not income as defined by the Internal Revenue Service Code. Plaintiffs shall be solely responsible for the payment of any federal, state, local or other taxes, including any interest and penalties assessed thereon, associated with the payments referenced in Paragraphs 3(a)(ii), 3(a)(iv), 3(a)(vi), and 3(a)(vii).  If, for any reason, it is determined by any federal, state or local authority that the above-referenced payments should have been subject to taxation or withholding,

Plaintiffs agree that they shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith, and that they shall protect, indemnify, defend and hold harmless Defendants from any withholding or tax payment, interest or penalties Defendants may be required to pay thereon, including reasonable attorneys' fees. Defendants agree to notify Plaintiffs in writing, via Plaintiffs' counsel of record in the Action, of any assessment or claim of assessment against them and Plaintiffs agree that any payment for which they have assumed responsibility hereunder shall be paid in full within forty-five (45) days after their receipt of a demand for payment.

(e)   Plaintiffs acknowledge and agree that the terms of this Agreement are accepted by them as a full and complete resolution, accord and satisfaction of any and all claims or causes of action that they may have against Defendants or the Releasees (as defined in Paragraph 1, above), except as otherwise provided in this Agreement.

(f)   It is agreed that, except as provided in this Paragraph 3, each party will bear her or its own costs, expenses and attorneys' fees. Plaintiffs further agree and warrant that any attorneys' fees, costs or disbursements due or owing from them to their attorney, experts or any other person or entity arising from their allegations or claims against Defendants beyond those addressed in Paragraph 3(a)(iv) will be paid by Plaintiffs to the extent not satisfied by the Agreement.

(g)   Plaintiffs represent that they are not aware of any existing lien against their individual recovery in this action. Plaintiffs agree to release, hold harmless and indemnify Defendants from any claim asserting a lien or claim against the settlement proceeds with respect to any liens, known or unknown, including, but

8

not limited to, any existing lien or one arising under Section 475 of the New York Judiciary Law, against their recovery in this action, including that portion of the recovery representing fees for legal services.

(h)     Plaintiffs further acknowledge that Defendants and their respective administrators, successors and assigns, in paying the agreed-upon settlement amount under the Agreement, are not responsible for the satisfaction of any lien upon their recovery in this action, and further acknowledge that the satisfaction of any lien, known or unknown, against their recovery in this action is exclusively their individual responsibility.  Plaintiffs further agree that, should litigation be commenced against Defendants with respect to the enforcement and satisfaction of any liens, known or unknown, relating to their recovery in this action, as well as that portion representing fees for legal services, Plaintiffs shall fully indemnify Defendants for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to Defendants' defense of that action.

4.      Plaintiffs acknowledge that they have received sufficient consideration as set forth in this Agreement.  Plaintiffs and Defendants expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

5.      Plaintiffs acknowledge that their employment with Defendants has ended and that they have been paid in full for all time worked, paid correctly in accordance with all applicable

9

wage and hour laws, and are owed no other forms of remuneration whatsoever, including, but not limited to, any wages, overtime compensation, vacation, bonus, commission, or accrued benefit pay.

6.      The Parties agree that in any action resulting from a breach of this Agreement by any party, if it is determined by a court of competent jurisdiction that said party breached this Agreement, the prevailing party in such an action will be entitled to its costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s), in addition to any damages which may be awarded in connection with said breach.

7.      The Parties acknowledge that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by Defendants that Plaintiffs' claims have merit.  In fact, Plaintiffs acknowledge that Defendants explicitly refute and deny any claims of wrongdoing.

8.      This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

9.      Plaintiffs acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims. Plaintiffs acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert, and Plaintiffs acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by them.

4869-5594-3937.1

10.       Each Plaintiff is competent to affect a knowing and voluntary release of claims as contained herein, and to enter into this Agreement.  None of the Plaintiffs are affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. None of the Plaintiffs are a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Defendants from any claims by or relating to each individual Plaintiff.

11.       This settlement is based upon a good faith determination between Plaintiffs and Defendants to resolve a disputed claim.  Plaintiffs and Defendants have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b).  Plaintiffs and Defendants resolved this matter in compliance with both state and federal law and made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms. Plaintiffs will have the sole responsibility to satisfy any lien or claim asserted against the Settlement Amount or arising from the settlement, including any potential future lien by Medicare and/or Medicaid (CMS/DSS/HRA).  Plaintiffs will indemnify, defend, and hold Releasees and/or Releasees' insurers harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown.  If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages, including multiple damages from Releasees and/or Releasees' insurers relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to any Plaintiffs' alleged injuries, claims or lawsuit, said Plaintiff(s) will defend and indemnify Releasees and/or Releasees' insurers, and hold Releasees and/or Releasees' insurers harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities.

12.     Plaintiffs confirm that they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement.

13.     The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation.

14.     The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

15.     This Agreement may only be modified, altered or changed in writing, signed by the Parties.

16.     This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.  The Parties agree any court of competent jurisdiction in the State of New York, including the United States District Court for the Southern District of New York, will have jurisdiction over this Agreement and over the Individual Releases.

17.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

18.     All other notices and documents set forth herein shall be delivered to counsel for Defendants, Jeffery A. Meyer, Esq. and Rose A. Nankervis, Esq., Nixon Peabody LLP, 50 Jericho Quadrangle, Suite 300, Jericho, New York 11753; (516) 832-7500; jmeyer@nixonpeabody.com and rnankervis@nixonpeabody.com, respectively; and counsel for Plaintiffs, William C. Rand, Esq., Law Office of William Coudert Rand, 501 Fifth Avenue, 15th Floor, New York, New York 10017, (212) 286-1425; wcrand@wcrand.com.

19.     Plaintiffs represent that they have been advised to consult legal counsel regarding this Agreement and, in fact, have consulted legal counsel of their own choosing. Plaintiffs further represent that, after having had the opportunity to review and consider the provisions of this Agreement, and having discussed them with legal counsel and/or financial advisor(s) of their own choosing, they fully understand all of the provisions of this Agreement and have executed same freely and voluntarily.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

13

**IN WITNESS WHEREOF**, Plaintiffs and Defendants have duly executed this

Settlement Agreement and General Release freely and voluntarily.

_____

Micheline Cantave

_____

Marcella Clovis

_____

Ann Marie Brown

_____

All Metro Home Care Services of New York, Inc.

By:

Title:

STATE OF NEW YORK          }

                           }S.S.

COUNTY OF _____     }

On _____, 2021, before me personally came _____, and acknowledged himself or herself to be an officer of All Metro Home Care Services of New York, Inc., and that he or she, as such, being authorized so to do, executed the foregoing Settlement Agreement and Release for the purposes therein contained, by signing his or her name for All Metro Home Care Services of New York, Inc.

_____

NOTARY PUBLIC

14

**IN WITNESS WHEREOF**, Plaintiffs and Defendants have duly executed this

Settlement Agreement and General Release freely and voluntarily.

_____
Micheline Cantave

_____
Marcella Clovis

_____
Ann Marie Brown

_____
All Metro Home Care Services of New York, Inc.
By:
Title:

STATE OF NEW YORK        }
                         }S.S.
COUNTY OF _____}


        On _____, 2021, before me personally came _____, and
acknowledged himself or herself to be an officer of All Metro Home Care Services of New York,
Inc., and that he or she, as such, being authorized so to do, executed the foregoing Settlement
Agreement and Release for the purposes therein contained, by signing his or her name for All
Metro Home Care Services of New York, Inc.



_____
NOTARY PUBLIC

14

**IN WITNESS WHEREOF**, Plaintiffs and Defendants have duly executed this

Settlement Agreement and General Release freely and voluntarily.

_____
Micheline Cantave

_____
Marcella Clovis

_____
Ann Marie Brown

_____
All Metro Home Care Services of New York. Inc.
By:
Title:

STATE OF NEW YORK          }
                           }S.S.
COUNTY OF _____  }

On _____, 2021, before me personally came _____, and
acknowledged himself or herself to be an officer of All Metro Home Care Services of New York.
Inc., and that he or she, as such, being authorized so to do, executed the foregoing Settlement
Agreement and Release for the purposes therein contained, by signing his or her name for All
Metro Home Care Services of New York, Inc.

_____
NOTARY PUBLIC

14

**IN WITNESS WHEREOF**, Plaintiffs and Defendants have duly executed this

Settlement Agreement and General Release freely and voluntarily.

_____
Micheline Cantave


_____
Marcella Clovis


_____
Ann Marie Brown


_____
All Metro Home Care Services of New York, Inc.
By: Seth J. Shapiro
Title: Vice President


STATE OF NEW YORK            }
                             }S.S.
COUNTY OF  NASSAU            }


On  November 1  , 2021, before me personally came  Seth J. Shapiro  , and acknowledged himself or herself to be an officer of All Metro Home Care Services of New York, Inc., and that he or she, as such, being authorized so to do, executed the foregoing Settlement Agreement and Release for the purposes therein contained, by signing his or her name for All Metro Home Care Services of New York, Inc.


_____
NOTARY PUBLIC

EVAN ROSS KAPLAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02KA6387688
Qualified in Kings County
My Commission Expires February 19, 2023

14

# EXHIBIT A

4869-5594-3937.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELINE CANTAVE, MARCELLA CLOVIS,
and ANN MARIE BROWN

                                          Plaintiffs,


- against -                                                    Docket No. 21-cv-03111 (JMF)(SLC)


ALL METRO HOME CARE SERVICES OF NEW              **STIPULATION OF DISMISSAL**
YORK, INC., ALL METRO HOME CARE
SERVICES, INC., ALL METRO FIELD SERVICE
WORKERS PAYROLL SERVICES
CORPORATION, ALL METRO PAYROLL
SERVICES CORPORATION, ALL METRO
MANAGEMENT AND PAYROLL SERVICES
CORPORATION, ALL METRO AIDES INC.,
DAVID P. MIDDLETON, AND JOHN DOES #1-10,

                                          Defendants.


   **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs; and further that Plaintiffs Micheline Cantave, Marcella Clovis, and Ann Marie Brown are precluded from bringing any further claims under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including overtime pay, for the period set forth in Plaintiffs' Complaint.

16

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

_____, 2021        _____, 2021

LAW OFFICE OF WILLIAM COUDERT        NIXON PEABODY LLP
RAND


By: _____        By: _____
      William C. Rand, Esq.              Jeffery A. Meyer, Esq.
              Rose A. Nankervis, Esq.
501 Fifth Ave.        50 Jericho Quadrangle, Suite 300
15th Floor        Jericho, New York 11753
New York, New York 10017        (516) 832-7500
(212) 286-1425        jmeyer@nixonpeabody.com
wcrand@wcrand.com        rnankervis@nixonpeabody.com
*Attorney for Plaintiffs*        *Attorneys for Defendants*


**SO ORDERED:**


_____
U.S.M.J.

4869-5594-3937.1